WINFIELD VILLAGE COOPERATIVE, Plaintiff-Appellant, v. IVAN L. RUIZ *et al.*, Defendants-Appellees.

Fourth District    No. 4—88—0576

Opinion filed March 9, 1989.—Rehearing denied May 22, 1989.

Robert J. Waaler, of Waaler & Evans, P.C., of Champaign, for appellant.

Frederic M. Grosser, of Grosser & Hays, of Champaign, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

On April 29, 1988, the circuit court of Champaign County dismissed a complaint filed by plaintiff Winfield Village Cooperative against defendants Ivan L. Ruiz and Marilyn Ruiz. Plaintiff has appealed. We reverse and remand.

The sole issue presented for review is whether the circuit court has subject-matter jurisdiction over a forcible entry and detainer action against a licensed amateur radio operator based on a claim of radio frequency interference.

Plaintiff operates a cooperative housing development in Savoy, Illinois. On August 21, 1987, defendants signed an occupancy agreement with plaintiff for a dwelling unit. After moving into the dwelling unit, defendant Ivan L. Ruiz, a licensed amateur radio operator, installed and operated a shortwave radio transmitter. The operation of the shortwave radio transmitter allegedly caused radio frequency interference with the consumer electronic equipment (*i.e.*, radios, stereos, telephones, and television sets) of the occupants in the adjacent dwelling units. One of these occupants filed a complaint with the Federal Communications Commission. Upon notification of the complaint, defendant undertook efforts to resolve the radio frequency interference. To date, the efforts of defendants to resolve the radio frequency interference have been unsuccessful.

On March 15, 1988, plaintiff notified defendants that the operation of the shortwave radio transmitter violated the occupancy agreement. Plaintiff advised defendants to cease and desist operation of the shortwave radio transmitter. Plaintiff also advised defendants any further complaints of radio frequency interference would result in legal action to terminate the occupancy agreement and evict them from the dwelling unit. On April 6, 1988, in response to the continued operation of the shortwave radio transmitter, plaintiff served defendants with notice of termination of the occupancy agreement. On April 29, 1988, plaintiff filed a forcible entry and detainer complaint (Ill. Rev. Stat. 1987, ch. 110, par. 9—102(a)(2)) to evict defendants from the dwelling unit.

A bench trial was set on July 5, 1988. At the outset of the bench trial, defendants made an oral motion to dismiss the action for lack of subject-matter jurisdiction. Defendants contended Federal law de-

prived the circuit court of jurisdiction over radio frequency interference incidents. The circuit court allowed the motion and dismissed the action.

■ The preemption doctrine originates in the supremacy clause of the Federal Constitution. (U.S. Const., art. VI, cl. 2.) Under this doctrine, the court is to examine the Federal statute in question to determine congressional intent to preempt. Congressional intent to preempt is shown in the following circumstances:

"[F]irst, when Congress, in enacting a federal statute, has expressed a clear intent to pre-empt state law [citation]; second, when it is clear, despite the absence of explicit pre-emptive language, that Congress has intended, by legislating comprehensively, to occupy an entire field of regulation and has thereby 'left no room for the States to supplement' federal law [citation]; and, finally, when compliance with both state and federal law is impossible [citation], or when the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " (*Capital Cities Cable, Inc. v. Crisp* (1984), 467 U.S. 691, 699, 81 L. Ed. 2d 580, 588-89, 104 S. Ct. 2694, 2700.)

Absent these circumstances, congressional intent to preempt is not shown. *Guschke v. City of Oklahoma City* (10th Cir. 1985), 763 F.2d 379, 383.

The Federal statute in question is the Communications Act of 1934 (Act) and its amendments. (47 U.S.C. §151 *et seq.* (1982).) The Act empowers the Federal Communications Commission (FCC) with exclusive jurisdiction over the field of radio communications. (47 U.S.C. §151 *et seq.* (1982); *Radio Station WOW, Inc. v. Johnson* (1945), 326 U.S. 120, 89 L. Ed. 2092, 65 S. Ct. 1475.) The field of radio communications plainly encompasses the technical matter of radio frequency interference. (See *Head v. New Mexico Board of Examiners in Optometry* (1963), 374 U.S. 424, 430 n.6, 10 L. Ed. 2d 983, 988 n.6, 83 S. Ct. 1759, 1763 n.6.) Among its powers, the FCC (1) grants licenses for radio communication (47 U.S.C. §301 (1982)); (2) assigns frequency bands to radio stations (47 U.S.C. §303(c) (1982)); (3) determines the location of radio stations (47 U.S.C. §303(d) (1982)); and (4) regulates the effect of radio apparatus emissions (47 U.S.C. §303(e) (1982)). To carry out its powers, the FCC is authorized to promulgate regulations (1) to limit the interference potential of radio devices (47 U.S.C. §302(a)(1) (1982)); (2) to establish minimum performance standards for home electronic equipment (47 U.S.C. §302(a)(2) (1982)); and (3) to prevent interference between radio stations (47 U.S.C. §303(f) (1982)).

■ Examination of the Act and its amendments establishes that the FCC does not have exclusive jurisdiction over radio frequency interference incidents. The Act is not designed to resolve the private disputes of its licensees on station operation matters. (*Cable Vision, Inc. v. KUTV, Inc.* (S.D. Idaho 1962), 211 F. Supp. 47, 57, *vacated* (9th Cir. 1964), 335 F.2d 348.) This being the case, the State courts retain jurisdiction to resolve the private disputes of licensees even though the disputes may affect a field regulated by the FCC.

Such retention of jurisdiction has been approved by the Supreme Court. In *Radio Station WOW, Inc. v. Johnson* (1945), 326 U.S. 120, 89 L. Ed. 2092, 65 S. Ct. 1475, the State court set aside a fraudulent transfer of a licensed radio station. The Supreme Court held the Act did not deprive the State court of jurisdiction over the fraud action. The Court stated:

> "We have no doubt of the power of the [State] court to adjudicate, and conclusively, the claim of fraud in the transfer of the station ***. *** [W]e find nothing in [the Act] that dislodges the power of the States to deal with fraud merely because licensed facilities are involved." (*Johnson*, 326 U.S. at 131, 89 L. Ed. at 2101, 65 S. Ct. at 1481-82.)

In *Regents of the University System of Georgia v. Carroll* (1950), 338 U.S. 586, 94 L. Ed. 363, 70 S. Ct. 370, the State court enforced a contract repudiated by a licensee to meet the license renewal conditions set by the FCC. The Supreme Court held the Act did not deprive the State court of jurisdiction over the contract action. The Court stated:

> "[T]he *** Act does not specifically empower the [FCC] to adjudicate the contractual liability of a licensee for its contracts or to declare a licensee's contracts unenforceable in the courts ***.
>
> * * *
>
> *** We do not read the *** Act to give authority to the [FCC] to determine the validity of contracts between licensees and others." *Carroll*, 338 U.S. at 600, 602, 94 L. Ed. at 374, 375-76, 70 S. Ct. at 378, 379.

■ In this case of first impression, the dispute is a breach of contract action between plaintiff landlord and tenant defendants based on a claim of radio frequency interference. Plaintiff contends the operation of the shortwave radio transmitter by defendants violates the use restriction on the dwelling unit. The use restriction provides a tenant is not to commit or permit any interference with the rights of the other tenants to be free from unreasonable nuisance. Since the defendants voluntarily signed the occupancy agreement, they are charged

with full knowledge of the restrictions on the use of the dwelling unit.

 Resolution of the dispute will not involve State regulation over the field of radio communications. Radio communications are incidentally implicated in that radio frequency interference is alleged as the breach of the occupancy agreement. In all other respects, the dispute implicates only the State laws of contracts and landlord-tenant relations. Since the dispute is private in nature, the circuit court should have retained jurisdiction over its resolution.

The judgment of the circuit court of Champaign County dismissing the action is reversed, and the action is remanded with directions for a trial on the merits.

Reversed and remanded with directions.

McCULLOUGH, P.J., and LUND, J., concur.